**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| TYLER BAKER, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:24-cv-1265 |
| DISCOVER FINANCIAL SERVICES, INC., *et al.*, | Judge Anthony J. Trenga |
| *Defendants.* | |

**Memorandum in Support of Motion to Stay Discovery Temporarily Pending**
**Resolution of Defendants' Motion to Dismiss**

Discovery, much like Plaintiffs' Complaint, is premature. The challenged banking merger is subject to active and ongoing regulatory review by the Federal Reserve, the Office of the Comptroller of the Currency, and Delaware's State Bank Commissioner that—unlike a typical merger—will determine whether the deal closes and on what terms. *See generally* ECF No. 42, at 6–8, 10–13 (Mem. in Supp. of Mot. to Dismiss). Defendants' motion to dismiss for lack of jurisdiction and failure to state a claim will be fully briefed a month from now (*i.e.*, on September 30). And the Supreme Court has emphasized the importance of "avoid[ing] the potentially enormous expense of discovery" in antitrust cases with threshold defects. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (internal quotation omitted). Indeed, *Twombly* articulated a plausibility standard for motions to dismiss as a mechanism to avoid this type of discovery. *See id.* at 558 (quoting Judge Posner that "some threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase" (citation omitted)).

"[I]t is well established that courts may stay discovery pending a motion to dismiss." *Harrell v. Freedom Mortg. Corp.*, No. 18-cv-275, 2019 WL 9047223, at *2 (E.D. Va. Mar. 12,

2019) (Trenga, J.). And while Defendants appreciate that such stays are rare in this District, this is precisely the sort of case in which a stay is warranted: an antitrust case subject to a motion to dismiss for threshold Article III defects arising from ongoing regulatory reviews (and defects on the merits) that, if granted, would dispose of the case and thus eliminate the need for wide-ranging, costly, and burdensome discovery. *Cf. U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."); *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (upholding the district court's decision to stay discovery pending resolution of a Rule 12(b)(6) motion); *Cognate BioServices, Inc. v. Smith*, Civil No. WDQ-13-1797, 2015 WL 5673067, at *2 (D. Md. Sept. 23, 2015) (explaining that a stay of discovery pending a motion to dismiss "can be an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources") (citation omitted).

For these and the other reasons set forth below, Defendants respectfully ask the Court to stay discovery temporarily pending resolution of Defendants' Motion to Dismiss (ECF No. 41).[1]

## BACKGROUND

Plaintiffs brought this antitrust action on July 22, 2024, seeking a permanent injunction to block Capital One's potential acquisition of Discover (the "Proposed Transaction").

On August 26, Defendants filed a joint Motion to Dismiss (ECF No. 41), arguing that Plaintiffs have not established subject matter jurisdiction under Article III and have failed to state

---

[1] Defendants recognize that, should the Court deny the Defendants' Motion to Dismiss, the parties would move to—or the Court may on its own accord—modify the discovery and final pretrial conference dates set forth in the Court's Scheduling Order of August 27, 2024, to accommodate the modestly delayed start to discovery. *Cf. Oakley v. Coast Prof., Inc.*, No. CV 1:21-00021, 2021 WL 3520539, at *3 (S.D. W.Va. Aug. 10, 2021).

a plausible claim for relief. Defendants' Motion to Dismiss argues, among other things, that Plaintiffs' claims are not ripe because they rest entirely on the Proposed Transaction occurring, which cannot happen unless and until three banking agencies and the Department of Justice complete their ongoing regulatory review—and the banking agencies affirmatively approve the Proposed Transaction. *See* ECF No. 42, at 9–13 (Mem. in Supp. of Mot. to Dismiss). Defendants' Motion to Dismiss is set for a hearing on Wednesday, October 16, 2024.

On August 27, the Court issued a Scheduling Order (ECF No. 45). Among other things, the Scheduling Order provides for an initial pretrial conference on September 18 and the completion of discovery by January 10, 2025. The Scheduling Order authorizes the parties to begin discovery "as of receipt of this Order."

On August 28, 2024, counsel for Defendants met and conferred with counsel for Plaintiffs and expressed the view that discovery should be stayed in light of Defendants' pending Motion to Dismiss. Consistent with Local Civil Rule 37(E), counsel for Defendants informed counsel for Plaintiffs of Defendants' intention to file a motion to stay discovery. Counsel for Plaintiffs explained that Plaintiffs do not consent, but that they would agree to expedited briefing so that this motion may be heard promptly on Wednesday, September 11.

This motion follows the next day.

## ARGUMENT

The Court has broad latitude to "stay discovery pending a motion to dismiss," *Harrell*, No. 18-cv-275, 2019 WL 9047223, at *2 (Trenga, J.), both as a matter of the Court's inherent authority to control its docket, *see Dolan v. Ford Motor Co.*, No. 3:23CV512, 2023 WL 7285443, at *2 (E.D. Va. Nov. 3, 2023) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)), and under Rule 26, which authorizes the Court to issue protective orders for good cause, *see Colonial River*

3

*Wealth Advisors, LLC v. Cambridge Inv. Rsch., Inc.*, No. 3:22CV717, 2023 WL 4936708, at *1 (E.D. Va. June 5, 2023) (citing Fᴇᴅ. R. Cɪᴠ. P. 26(b)(1), (c)(1)). In deciding whether to grant such a stay, Courts consider the following five factors, which focus on the likelihood of dismissal and the impact (on both parties) of granting or denying a stay:

> (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; (3) the risk of unfair prejudice to the party opposing the stay; (4) the nature and complexity of the action; (5) whether some or all defendants request the stay; and (6) the posture and stage of the litigation.

*Colonial River*, 2023 WL 4936708, at *1 (numerals added). Each of these factors weighs in favor of staying discovery pending the Court's decision on Defendants' Motion to Dismiss.

*First*, as explained more fully in their Motion to Dismiss, Defendants have raised threshold challenges that would dispose of all of Plaintiffs' claims and eliminate the need for discovery. *See Colonial*, 2023 WL 4936708, at *1–2 (granting motion to stay discovery based on motion to dismiss that would dispose of all claims). Critically, Plaintiffs have not met—and indeed cannot meet—their burden to establish this Court's jurisdiction under Article III of the U.S. Constitution. Simply, Plaintiffs have "jumped the gun," suing to challenge the Proposed Transaction even though whether, when, and on what terms (if any) the Proposed Transaction will be approved by three separate regulators is uncertain. The case is thus classically unripe; it is entirely "dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 592 U.S. 125, 131 (2020). Independent of the glaring ripeness issues, as explained in Defendants' motion, Plaintiffs have also not established an Article III injury in fact, nor have they alleged facts plausibly pleading an antitrust claim or the elements required for a permanent injunction.

These threshold jurisdictional and other pleading defects strongly weigh in favor of a stay. *See U.S. Cath. Conf.*, 487 U.S. at 79–80 (recognizing that it is appropriate for a court to limit

merits discovery while jurisdictional issues are litigated); *Oakley v. Coast Pro., Inc.*, No. CV 1:21-00021, 2021 WL 3520539, at *2–3 (S.D. W.Va. Aug. 10, 2021) (staying discovery where defendants' motions to dismiss "raise pure legal arguments which will be dispositive if accepted"); *Bragg v. United States*, No. 2:10-0683, 2010 WL 3835080, at *2 (S.D. W.Va. Sept. 29, 2010) (staying discovery pending determination of threshold issue of whether action was barred by sovereign immunity). Proceeding with discovery now risks wasting both the parties' and the Court's time and resources and encroaching on the banking regulators' ongoing review process.

*Second*, the burden of responding to discovery in this case is likely to be significant. Discovery in an antitrust case is notoriously expensive. *See Twombly*, 550 U.S. at 546. Discovery in this case has the potential to be especially burdensome given Plaintiffs' sweeping proposed class, which purports to include every merchant and every cardholder who has been part of any credit card transaction in the last four years. Compl. ¶ 220; *see also Twombly*, 550 at 546 (noting "[t]hat potential expense is obvious" where the plaintiffs represented a putative class of 90 percent of the defendant's customers). Fact discovery alone in this case is likely to require significant expense by Defendants to investigate, collect, review, and produce a substantial volume of documents. Expert discovery—for class certification and on merits issues—will also be costly. *Twombly* teaches that these costs should not be imposed on Defendants before Plaintiffs show that they can plead a plausible antitrust claim or even establish jurisdiction. Thus, this potentially significant burden on Defendants favors staying discovery. *See Bragg*, 2010 WL 3835080, at *2 (staying a case that would "doubtless involve significant factual and expert discovery" and, if the court were to grant the pending motion, "any resources directed to those time consuming and expensive efforts would be fruitless").

These burden-related concerns are heightened by the fact that the acquisition is still a "moving target." *See S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc.*, 191 F.3d 842, 845 (7th Cir. 1999) ("Antitrust litigation can be very costly; an expensive challenge to a moving target is worse than pointless."). The federal banking regulators responsible for approving the acquisition are still reviewing the deal and may impose conditions on its closing. Completion of the ongoing regulatory review could change Plaintiffs' case in ways that would necessarily help to streamline and guide discovery, should Plaintiffs still opt to pursue their claims, bringing the case to "more manageable proportions." *Trump*, 592 U.S. at 134. Conversely, if the regulators do not approve the deal, there would be no need for discovery at all.

*Third*, Plaintiffs would suffer no prejudice from a temporary stay of discovery pending the Court's decision on Defendants' Motion to Dismiss. Briefing on the Motion to Dismiss will be completed by September 30, with a hearing date set for October 16, 2024—little more than a month from the date that this Court's Scheduling Order opened discovery. *Cf. Oakley*, 2021 WL 3520539 at *3 (noting that even after the case was pending seven months, a stay was appropriate because the court would issue a new scheduling order).

By contrast, if discovery starts and the Motion to Dismiss is ultimately granted, Defendants will have been forced to comply with burdensome discovery that will be "entirely unnecessary." *Id.* Thus, the balance of harms weighs heavily in favor of a stay. *See Laufer v. Patel*, No. 1:20-CV-631-RP, 2021 WL 327704, at *1 (W.D. Tex. Feb. 1, 2021) ("To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely.").

*Fourth*, the nature and complexity of the action favor a stay. Plaintiffs have attempted to plead multiple theories of anticompetitive harm, which are not yet fully baked because they rely

entirely on future events that either may not happen or may not happen as anticipated. *See* Mot. to Dismiss, 10–11. It makes little sense to proceed with discovery now.

*Fifth*, both Defendants agree to this request to stay discovery pending final resolution of the Motion to Dismiss. This further supports staying discovery. *See Oakley*, 2021 WL 3520539 at *3 (considering the fact that "all defendants want a stay" favors imposing a stay).

*Sixth*, "the posture and stage of the litigation" favor a stay of discovery. This case is in its infancy. Defendants have only just filed their Motion to Dismiss, and staying discovery until the threshold issues raised in this Motion are finally decided will not meaningfully delay this case. Zooming out, it is even more apparent that the litigation is at an early (indeed, premature) stage. Government regulators have yet to approve the Proposed Transaction. The early stage of this case, as well as the uncertain future events that the case is premised on, favors a stay of discovery.

*Finally*, there is an additional factor that weighs heavily in favor of staying discovery pending resolution of the threshold issues identified above. Based on Plaintiffs' asserted theories of anticompetitive harms, they are likely to seek discovery of competitively sensitive information that, if disclosed, would likely harm Defendants' respective businesses. While the parties and the Court can mitigate that risk with a targeted protective order, there is always residual risk of disclosure in a case like this. Further, given the sweeping nature of the proposed class, which included every cardholder and every merchant party to a credit-card transaction in the last four years, Plaintiffs may attempt to seek highly sensitive consumer financial information. Disclosure of these categories of highly confidential information should not be taken lightly, particularly when Plaintiffs have yet to demonstrate ripeness or standing under Article III or any plausible claim for relief.

## CONCLUSION

For the foregoing reasons, this Court should stay discovery pending its resolution of Defendants' Motion to Dismiss and grant any other relief as this Court deems just and proper.

Dated: August 29, 2024

*/s/ Bryan A. Fratkin*

Ryan A. Shores (VA 65934)
David Gelfand (admitted *pro hac vice*)
Kenneth Reinker (admitted *pro hac vice*)
Nowell Bamberger (admitted *pro hac vice*)
Jacob M. Coate (admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Ave, NW
Washington, DC 20037
Tel: 202-974-1500
Fax: 202-974-1999
rshores@cgsh.com
kreinker@cgsh.com
nbamberger@cgsh.com
dgelfand@cgsh.com
jcoate@cgsh.com

John S. Moran (VSB No. 84236)
Emily E. Kelley (VSB No. 96252)
MCGUIREWOODS LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Tel.: (202) 828-2817
Fax: (202) 828-3327
jmoran@mcguirewoods.com
ekelley@mcguirewoods.com

Bryan A. Fratkin (VSB No. 38933)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-4352
Fax: (804) 698-2100
bfratkin@mcguirewoods.com

Ryan McLeod (admitted *pro hac vice*)
Christina Chu Ma (admitted *pro hac vice*)
Adam Goodman (admitted *pro hac vice*)
WACHTELL, LIPTON, ROSEN & KATZ
51 W. 52nd St
New York, NY 10019
Tel.: (212) 403-1000
Fax: (212) 403-2175
ramcleod@wlrk.com
ccma@wlrk.com
algoodman@wlrk.com

*Counsel for Defendant Capital One Financial
Corporation*

/s/ Daniel J. Richardson
Daniel J. Richardson (VSB No. 94961)
Amanda F. Davidoff (admitted *pro hac vice*)
Joseph J. Matelis (admitted *pro hac vice*)
Elizabeth A. Rose (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215
Tel: 202-956-7500
Fax: 212-558-3588
richardsond@sullcrom.com
matelisj@sullcrom.com
davidoffa@sullcrom.com
rosee@sullcrom.com

*Counsel for Defendant Discover Financial
Services, Inc.*

**Certificate of Service**

I certify that on this 29th day of August, 2024, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

*/s/ Bryan A. Fratkin*
Bryan A. Fratkin
