IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TYLER BAKER, et al.,<br><br>   *Plaintiffs,*<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, INC., et al.,<br><br>   *Defendants*. | Civil Action No. 1:24-cv-01265 (AJT/LRV) |

## JOINT DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's August 27, 2024 Order (ECF No. 45), Plaintiffs Tyler Baker and Lora Grodnick and Defendants Capital One Financial Corporation ("Capital One") and Discover Financial Services ("Discover") hereby submit the following proposed discovery plan in advance of the Rule 16(b) pretrial conference scheduled for September 18, 2024, at 11:00 a.m.

  **1. Rule 26(f) Conference**

The parties have satisfied their Rule 26(f) conference requirements.

  **2. Initial Disclosures**

Per Rule 26(a)(1)(C), the parties' Rule 26(a)(1) initial disclosures shall be made by September 11, 2024—14 days after the parties' August 28, 2024 Rule 26(f) conference. The parties intend to timely serve their initial disclosures by that date.

  **3. Subjects on which Discovery May Be Needed**

**Plaintiffs' Position:**

Plaintiffs expect that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in

order to support their anticipated motion for class certification. Plaintiffs also expect that discovery will be required as to the facts and allegations underlying the causes of actions described in the pleadings, including, but not limited to, Plaintiffs' Clayton Act Section 7 and Sherman Act Section 1 claims and any defenses. Specifically, Plaintiffs anticipate seeking documents and testimony from Defendants concerning, among other things:

- The General Credit Card Market and the Payment Processing Market;
- The impetus of Defendants' prospective merger;
- The inception, planning, and prospective consummation of Defendants' prospective merger;
- Any competitive or other analysis performed by Defendants in the planning of the prospective merger, including by third-party consultants and financial advisors;
- All relevant documents created as a result of the prospective merger, including agreements, regulatory filings, due diligence reports, financial analyses, and market analyses;
- Plans and strategy for the integration of Defendants' businesses leading up to and following the prospective merger;
- The nature and findings of any government inquiry or investigation into the prospective merger;
- Agreements between Defendants and Visa or Mastercard, including whether any such agreements will remain in effect or be modified post-merger; and
- The interchange fees and rewards systems from Visa, Mastercard, and Discover—including product offerings and consumer choice related to those fees and rewards systems.

**Defendants' Position:**

Defendants expect to conduct discovery on the allegations of the Complaint, including the viability of Plaintiffs' proposed class, as well as all relevant denials and defenses.

**4. Deadline to Complete Discovery**

Per the Court's August 27, 2024 Order, the deadline to complete discovery is January 10, 2025, or such further date as the Court might order.

**5. Electronically Stored Information (ESI)**

The parties are preparing a stipulated ESI Protocol that will govern the production of ESI. On August 28, 2024, Plaintiffs provided Defendants with a draft of a proposed ESI protocol.

**6. Preservation of Discoverable Information**

Based on their current investigation, the parties believe that they have taken reasonable steps to preserve all discoverable information.

**7. Limitations on Discovery**

Per the Court's August 27, 2024 Order, "[a] party may not exceed five (5) non-party, non-expert witness depositions and may not serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of court." ECF No. 45.

Discovery shall also be limited as ordered by the Court at the September 11, 2024 hearing and Order. ECF No. 63.

**Plaintiffs' Position:**

Plaintiffs propose a presumptive limit of 30 party, non-expert depositions per side. Plaintiffs propose that each side presumptively be allowed one deposition of each expert for the other side.

**Defendants' Position:**

Defendants believe that the limits established by the Federal Rules of Civil Procedure are appropriate, including that no side should take more than 10 depositions, including parties, non-parties, and experts. Cross notices do not count against a party's total.

8. **Any Other Orders That Should Be Entered**

The parties are preparing a stipulated protective order. On August 28, 2024, Plaintiffs provided Defendants with a draft of a proposed protective order.

9. **Proposed Deadlines**

| **Deadline** | **Set by Court Order (Dkt. 45)** | **Plaintiffs' Position** | **Defendants' Position** |
|---|---|---|---|
| Initial Disclosures | | Wednesday, September 11, 2024 | |
| Joinder of Parties/Amendment to Pleadings | | Thursday, September 12, 2024 | |
| Plaintiffs' Expert Reports | | Monday, December 2, 2024 | Monday, November 4, 2024 |
| Defendant's Expert Reports | | Monday, December 23, 2024 | Monday, December 9, 2024 |
| Plaintiffs' Rebuttal Expert Reports | | Monday, January 6, 2025 | Thursday, December 19, 2024 |
| Close of Discovery | Friday, January 10, 2025 | | |
| Motion for Class Certification | | Friday, January 24, 2025 | Friday, January 10, 2025 |
| Motions for Summary Judgment | | Friday, January 24, 2025 | To be set by Court |
| Response to Motion for Class Certification | | Friday, February 7, 2025 | |
| Responses to Motions for Summary Judgment | | Friday, February 7, 2025 | To be set by Court |
| Replies in Support of Motions for Class Certification | | February 21, 2025 | |
| Replies in Support of Motions for Summary Judgment | | February 21, 2025 | To be set by Court |

4

| **Deadline** | **Set by Court Order (Dkt. 45)** | **Plaintiffs' Position** | **Defendants' Position** |
|---|---|---|---|
| Deadline to File Written Stipulation of Uncontested Facts | Wednesday, January 15, 2025 | | |
| Deadline to File Final Lists of Witnesses and Exhibits Under Rule 26(a)(3) | Wednesday, January 15, 2025 | | |
| Final Pretrial Conference | Thursday, January 16, 2025, at 10:00 a.m. | | |
| Objections to Exhibits | Friday, January 24, 2025 | | |
| Trial | 4 to 8 weeks after Final Pretrial Conference | | |

10. **Proceeding Before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge.

11. **Service of Documents**

All pleadings, motions, and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the parties agree that each has the option to serve by email all discovery requests, written responses, and any other papers that are not filed with the Court. If transmission of voluminous materials as an email attachment is impractical, then those materials shall be served by regular mail, courier service, or other means as agreed to by the parties.

12. **Privileged Materials**

In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), the inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or

protection of the inadvertently produced material, provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent production.

The parties agree that they will produce privilege logs, to the extent applicable, as soon as practical in connection with their production of documents, but in no event later than two weeks after the documents were produced or five days before a deposition where the document may be used, whichever is earlier.

**Plaintiffs' Position**

Plaintiffs propose that the parties do not need to log communications with litigation counsel that postdate the filing of the Complaint on July 22, 2024.

**Defendant' Position**

Defendants propose that the parties do not need to log communications with either outside or in-house counsel that postdate August 1, 2023.

### 13. Modifications

Any party may seek modification of the discovery plan from the Court for good cause.

Dated: September 11, 2024                                    Respectfully submitted,

| | |
|---|---|
| */s/ Ryan A. Shores* | By:  */s/ Yavar Bathaee* |
| Ryan A. Shores (VA 65934) | Yavar Bathaee |
| David Gelfand (admitted *pro hac vice*) | |
| Kenneth Reinker (admitted *pro hac vice*) | **BATHAEE DUNNE LLP** |
| Nowell Bamberger (admitted *pro hac vice*) | Yavar Bathaee (*pro hac vice*) |
| Jacob M. Coate (admitted *pro hac vice*) | yavar@bathaeedunne.com |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | Andrew Williamson (VSB 83366) |
| 2112 Pennsylvania Ave, NW | awilliamson@bathaeedunne.com |
| Washington, DC 20037 | 445 Park Avenue, 9th Floor |
| Tel: 202-974-1500 | New York, NY 10022 |
| Fax: 202-974-1999 | Tel.: (332) 322-8835 |
| rshores@cgsh.com | |
| kreinker@cgsh.com | Brian J. Dunne (*pro hac vice*) |
| nbamberger@cgsh.com | bdunne@bathaeedunne.com |
| dgelfand@cgsh.com | Edward M. Grauman (*pro hac vice*) |
| jcoate@cgsh.com | egrauman@bathaeedunne.com |

John S. Moran (VSB No. 84236)
Emily E. Kelley (VSB No. 96252)
MCGUIREWOODS LLP
888 16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Tel.: (202) 828-2817
Fax: (202) 828-3327
jmoran@mcguirewoods.com
ekelley@mcguirewoods.com

Bryan A. Fratkin (VSB No. 38933)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-4352
Fax: (804) 698-2100
bfratkin@mcguirewoods.com

Ryan McLeod (admitted *pro hac vice*)
Christina Chu Ma (admitted *pro hac vice*)
Adam Goodman (*pro hac vice* pending)
WACHTELL, LIPTON, ROSEN & KATZ
51 W. 52nd St
New York, NY 10019
Tel.: (212) 403-1000
Fax: (212) 403-2175
ramcleod@wlrk.com
ccma@wlrk.com
algoodman@wlrk.com

*Counsel for Defendant Capital One Financial Corporation*

*/s/ Daniel J. Richardson*
Daniel J. Richardson (VSB No. 94961)
Amanda F. Davidoff (admitted *pro hac vice*)
Joseph J. Matelis (admitted *pro hac vice*)
Elizabeth A. Rose (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215
Tel: 202-956-7500
Fax: 212-558-3588

901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (512) 575-8848

*Attorneys for Plaintiffs and the Proposed Class*

richardsond@sullcrom.com
matelisj@sullcrom.com
davidoffa@sullcrom.com
rosee@sullcrom.com

*Counsel for Defendant Discover Financial Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2024, a true and correct copy of the foregoing document was served through the CM/ECF system on all counsel of record.

By:     <u>*/s/ Andrew M. Williamson*</u>